935 F.2d 281
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The BOC GROUP, INC., Plaintiff-Appellant,
v.
NOVAMETRIX MEDICAL SYSTEMS, INC., Defendant-Appellee.
 No. 91-1075.
 United States Court of Appeals, Federal Circuit.
 May 24, 1991.
Rehearing Denied June 20, 1991.
 
 Before ARCHER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 The BOC Group, Inc. (BOC) appeals the summary judgment of the United States District Court for the District of Connecticut, Civ. No. N-86-198 (WWE) (Sept. 17, 1990), granted on the motion filed by Novametrix Medical Systems, Inc. (Novametrix). We affirm.
 
 OPINION
 
 2
 The district court determined that the Novametrix oximeter does not infringe the claims of U.S. Patent No. 4,407,290 (the Wilber patent) under the doctrine of equivalents. In considering the modes of operation of the claimed and accused devices, the court concluded that the Novametrix oximeter "performs no function which is the substantial equivalent of the claimed normalization function in the Wilber patent." The BOC Group, Inc. v. Novametrix Medical Systems, Inc., No. N-86-198 (WWE), slip op. at 3 (D.Conn. Sept. 12, 1990).
 
 
 3
 Based on this court's prior decision, the district court correctly stated that the terms "normalizing" and "normalizing means," as used in the claims of the Wilber patent, require circuitry which scales the total signal (AC + DC) of both channels so that the DC components are set to a known, predetermined value in order to allow the removal of the signal's DC component. See The BOC Group, Inc. v. Novametrix Medical Systems, Inc., No. 89-1589, slip op. at 3 (Fed.Cir. Jan. 31, 1990). The Novametrix oximeter had been found in the district court's earlier decision to include a microprocessor which adjusts the drive current to the LEDs to ensure that the total signal is always within the input range of an analog-to-digital converter. The BOC Group, Inc., Civ. No. N-86-198 (WWE), slip op. at 12 (D.Conn. Apr. 19, 1989). Since normalization, in the sense that term is used in the Wilber patent, does not occur in the Novametrix oximeter, the court held it lacked the substantial equivalent of one of the elements required by the Wilber claims. See Lemelson v. United States, 752 F.2d 1538, 1551, 224 USPQ 526, 533 (Fed.Cir.1985); Perkin-Elmer Corp. v. Westinghouse Elec. Corp., 822 F.2d 1528, 1533, 3 USPQ2d 1321, 1325 (Fed.Cir.1987).
 
 
 4
 "To be a 'substantial equivalent,' the element substituted in the accused device for the element set forth in the claim must not be such as would substantially change the way in which the function of the claimed invention is performed." Perkin-Elmer, 822 F.2d at 1533, 3 USPQ2d at 1325. Accordingly, in finding that the Novametrix oximeter lacks the substantial equivalent of an element of the Wilber claims, the district court in effect concluded that the accused oximeter does not operate in substantially the same way. See Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605, 608, 85 USPQ 328, 330 (1950); Pennwalt Corp. v. Durand-Wayland, Inc., 833 F.2d 931, 934, 4 USPQ2d 1737, 1739 (Fed.Cir.1987) (in banc). Because it does not satisfy the substantially same way test of Graver Tank, the Novametrix oximeter cannot infringe the Wilber patent under the doctrine of equivalents. See Pennwalt Corp., 833 F.2d at 935-36, 4 USPQ2d at 1740-41.
 
 
 5
 The district court properly granted Novametrix' summary judgment motion. See Johnston v. IVAC Corp., 885 F.2d 1574, 1578, 12 USPQ2d 1382, 1387 (Fed.Cir.1989).